**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>THOMAS F. SIBICK,<br><br>         Defendant. | Case: 1:21−mc−00082<br>Assigned To : Jackson, Amy Berman<br>Assign. Date : 6/1/2021<br>Description: Misc.<br><br>Case No. 21-cr-291-ABJ-1 |

**APPLICATION FOR ACCESS TO VIDEO EXHIBITS**

Pursuant to Local Criminal Rule 57.6 and Standing Order No. 21-28 (BAH), applicants

Cable News Network, Inc., American Broadcasting Companies, Inc. d/b/a ABC News, The

Associated Press, Buzzfeed, Inc. d/b/a BuzzFeed News, CBS Broadcasting Inc. o/b/o CBS News,

Dow Jones & Company, Inc., publisher of The Wall Street Journal, The E.W. Scripps Company,

Gannett Co., Inc., Gray Media Group, Inc., Los Angeles Times Communications LLC, publisher

of The Los Angeles Times, National Public Radio, Inc., NBCUniversal Media, LLC d/b/a NBC

News, The New York Times Company, Pro Publica, Inc., Tegna, Inc., and WP Company LLC,

d/b/a The Washington Post (together, the "Press Coalition") respectfully seek access, under the

First Amendment and common law, to certain video recordings that have been submitted to the

Court in this matter.  In support of this application the Press Coalition states as follows:

      1.      On May 14, 2021, in response to a motion filed by the Press Coalition, Chief

Judge Beryl A. Howell issued Standing Order No. 21-28 (the "Standing Order"), a copy of which

is attached hereto for the Court's convenience.  The Standing Order recognizes "[t]he significant

public and media interest in the numerous criminal cases arising from the January 6, 2021 violent

breach of the United States Capitol (the 'Capitol Cases'), for which the parties are routinely

submitting video exhibits to the Court for use in pretrial proceedings."  *See* Standing Order at 2.

2.      To accommodate this interest, the Standing Order provides that "[m]embers of the media seeking access to video exhibits submitted to the Court in Capitol Cases may file an application . . . to the presiding judge in the case, or if no judge has been assigned, to the Chief Judge, for determination, and the judge may seek the position of the parties." *See id.* at 5.

3.      The Standing Order further provides that "[u]pon grant of such media application, the government shall make the video exhibit[s] available to any member of the media with necessary access credentials provided by the government, unless the order otherwise limits access." *See id.* at 5-6.  Specifically, the Standing Order states that "[m]embers of the media provided access to video exhibits in a particular case pursuant to such order may view those exhibits" by way of an electronic "'drop box'" into which the government has agreed to place videos subject to access orders in the Capitol Cases.  *See id.* at 6.

4.      This action is one of the Capitol Cases.  Defendant Thomas F. Sibick "is charged with three felonies, plus two misdemeanor violations, and faces up to 15 years imprisonment, based on his alleged offense conduct of enthusiastically participating in the assault on the Capitol on January 6, 2021, to stop the constitutionally mandated process of counting electoral votes." *See* Order of Detention Pending Trial at 5, Dkt. 12 (citation omitted).

5.      On March 15, 2021, the Government referenced and submitted screenshots from multiple video recordings (the "Video Exhibits") to the Court in support of its Memorandum in Support of Detention.  *See* Dkt. 8 at 8-11, 17-18.  Chief Judge Howell likewise referenced video evidence in the Order of Detention Pending Trial.  See Dkt. 12 at 6 ("The photos and videos show defendant enthusiastically participating in the riot, posing with a Capitol Police riot shield, joining a mob assaulting an MPD officer, and using the opportunity to rip from the officer his badge and his lifeline to help, his police radio.").

6.      The Video Exhibits were plainly "intended to influence the court" in its decision-making, and as a result they are judicial records subject to a "strong presumption in favor of public access." *Leopold v. United States*, 964 F.3d 1121, 1127-28 (D.C. Cir. 2020) (Garland, J.).

7.      Neither the Government nor the Defendant could possibly rebut the presumption of access under the applicable test set out in *United States v. Hubbard*, 650 F.2d 293, 317-21 (D.C. Cir. 1980). *See, e.g.*, *United States v. Jackson*, 2021 U.S. Dist. LEXIS 49841 (D.D.C. Mar. 17, 2021) (Howell, C.J.) (granting access to video exhibits in one of the Capitol Cases).

8.      Because the Video Exhibits are judicial records subject to an unrebutted presumption of public access, the Court should grant this Application and direct the Government to release the Video Exhibits to the Press Coalition via electronic "drop box" within 72 hours. To expedite that release, the Court should further instruct the Government to provide undersigned counsel with the "necessary access credentials" referenced in the Standing Order.

9.      The Standing Order provides that "[n]o recording, copying, downloading, retransmitting or further broadcasting of video exhibits in a particular case is permitted, unless such permission is granted by the presiding judge." *See* Standing Order at 6.  The Press Coalition therefore requests that the Court grant permission to record, copy, download, retransmit, and otherwise further publish these Video Exhibits.[1]

## CONCLUSION

For the foregoing reasons, the Press Coalition respectfully requests that the Court order the Government to release the Video Exhibits, without restriction, within 72 hours.

---

[1] The Press Coalition makes this request without conceding that the Standing Order complies with the First Amendment or common law, and expressly reserving the right to challenge this and other portions of the Standing Order in this and other Capitol Cases.

Dated:  June 1, 2021

Respectfully submitted,

BALLARD SPAHR LLP

/s/ *Charles D. Tobin*
Charles D. Tobin (#455593)
Maxwell S. Mishkin (#1031356)
Lauren Russell (#7567949)
1909 K Street, NW, 12th Floor
Washington, DC 20006
Tel: (202) 661-2200 | Fax: (202) 661-2299
tobinc@ballardspahr.com
mishkinm@ballardspahr.com
russelll@ballarspahr.com

*Counsel for the Press Coalition*